UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES POPPENHOUSE AND CRYSTAL LEE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>NUWBER, INC.,<br><br>Defendant. | Case No: 3:21-cv-03144-RM-TSH<br><br>Judge: Richard Mills<br><br>Magistrate Judge: Tom Schanzle-Haskins |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs James Poppenhouse and Crystal Lee, pursuant to FED. R. CIV. P. 15(a)(1)(B), bring this First Amended Class Action Complaint against Defendant Nuwber, Inc., ("Defendant"), to finally end their unlawful use of Plaintiffs names and identities, and the use of other Illinois residents, without any consent, to promote Nuwber's service. Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows upon personal knowledge as to their own acts and experiences as well as that information gathered following an investigation conducted by their attorneys.

## NATURE OF THE ACTION

1. Defendant Nuwber, Inc. operates a website called Nuwber.com ("Nuwber") which sells access to a database containing proprietary "detailed reports" about people to anybody willing to pay for a monthly subscription.

2. Nuwber has placed its website into the stream of commerce as evinced by its ads on social media websites and search engines when searching for public records and/or background checks for various individuals.

1

3. To further market its service, Nuwber encourages potential customers to perform a free "people search" on its website. When potential customers perform a free search for an individual – by typing the individual's first and last name into the search bar – Nuwber displays a page featuring the searched individual's full name alongside certain, but limited, uniquely identifying information, including age, location, and names of relatives.

4. The purpose of this page is twofold: first, it shows potential customers that the Nuwber database contains a detailed report for the *specific* individual they searched for and represents that the detailed report contains much more information about the individual than the "free" report, and second, it offers to sell them a paid subscription to its service, where they can access detailed reports about anybody in its database.

5. In other words, Nuwber does not offer to sell individual detailed reports about the individuals searched on its website, but rather, uses their identities to induce customers to buy subscriptions to its paid service.

6. Unsurprisingly, the people appearing in these advertisements never provided Defendant with their consent (written or otherwise) to use their identities for any reason, especially not for marketing or commercial purposes.

7. By using Illinois residents' full names in its advertisements—for its commercial gain—without their express written consent, Defendant violated – and continues to violate – the Illinois Right of Publicity Act (the "IRPA" or, the "Act"), 765 Ill. Comp. Stat. § 1075/1, *et seq*.

## PARTIES

8. Plaintiff James Poppenhouse is a natural person and a citizen of the State of Illinois.

9. Plaintiff Crystal Lee is a natural person and a citizen of the State of Illinois.

10. Defendant Nuwber, Inc., is a Delaware corporation with its principal place of

business located at 901 N. Pitt Street, Suite 170, Alexandria Virginia, 22314. Defendant operates its website which is advertised to the citizens of Illinois and accessible to the same.

## JURISDICTION AND VENUE

11. Jurisdiction is proper in this Court, as Defendant detailed in its Notice of Removal, pursuant to 28 U.S.C. § 1332, by virtue of the diversity of the citizenship of the parties and the Class Action Fairness Act. The Court can exercise specific personal jurisdiction over the Defendant because the acts giving rise to this cause of action – Defendant's violation of an Illinois statute – occurred within the District and Defendant directed activities, including accessing Illinois public records databases, gathering and/or scraping information from Illinois sources, and attempting to solicit subscriptions from Illinois customers based on Illinois citizens identities.

12. Venue is proper in the District pursuant to 28 U.S.C. § 1391(b)(2) because all of the events giving rise to this action occurred within the District and the Defendant routinely conducts business within the District.

## COMMON FACTUAL ALLEGATIONS

The Illinois Right of Publicity Act

13. In 1999, the Illinois Legislature recognized that every individual has the "right to control and to choose whether and how [his or her] identity [is used] for commercial purposes." 765 Ill. Comp. Stat. § 1075/10, and as a result, passed the IRPA to protect individual property rights and prevent the exploitation of individuals' identities for another's commercial gain.

14. The Act protects individuals from the unauthorized use of *any* of their attributes, including but not limited to, their names, signatures, photographs, images, likenesses, or voices in the sale or advertisement of goods, merchandise, products, and services.

15. In fact, the IRPA states that "a person may not use an individual's identity for

commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person." 765 Ill. Comp. Stat. § 1075/30. Notably, the IRPA does not require the person seeking relief under the Act to be a public figure.

<u>Nuwber Uses Individuals' Names To Promote A Paid Membership Subscription</u>

16. Nuwber owns and operates Nuwber.com, a website that sells detailed profile reports about individuals. The reports are compiled in part from databases and public record repositories. Nuwber claims it provides "Phone numbers, addresses, police records, lawsuits, property ownership, and much more."

17. Further, Nuwber tells its potential customers they can "RELY ON NUWBER FOR THE RELEVANT, ACCURATE INFORMATION YOU NEED."

18. Nuwber reports must be purchased from its website and may include high value information including, *inter alia,* the individual's address, birth date, marriage records, and criminal history.

19. When a consumer – *a potential customer* – visits Nuwber.com and searches for an individual by using his or her first and last name, Nuwber displays a list of the individuals found within its records that have the same name, alongside certain uniquely identifying information such as each individual's current age, name, location, names of their relatives ("Marketing Page"). *See* <u>Figure 1</u>.



Figure 1

17. Once a potential customer selects an individual (by clicking "Get Full Report") from the Marketing Page, Nuwber displays a checkout page with offers to purchase a Nuwber subscription plan for: $27.99 per month which then allows "UNLIMITED Background Reports. Nuwber also offers longer plans that all allow 'UNLIMITED Background Reports.'"



20. While a potential customer visited Nuwber.com to search and potentially obtain a report on one specific individual, Nuwber ultimately offered an entirely different product for sale—its subscription service. Nuwber is not offering for sale only the report on the searched individual. Instead, Nuwber is offering a monthly subscription service that grants the purchaser unlimited access to background reports on anybody in its database. The searched for individual's "report" is a small part of a large database with reports on millions of people and is used as carrot to induce the potential customer to subscribe to Nuwber's service.

21. In this way, Nuwber misappropriated people's identities (individuals' names, identities, and other identifying information such as their age, location, and known relatives) for its own commercial benefit (to market and promote a monthly subscription to access unlimited reports on individuals in its database).

22. Most importantly, Nuwber never obtained written consent from Plaintiffs or Class members to use their names for any reason, let alone for the commercial purposes described herein. Defendant never notified Plaintiffs or Class members that their names would appear on its Marketing Page in conjunction with an offer to purchase access to its database of reports.

23. Moreover, Plaintiffs and the Class members have no relationship with Nuwber whatsoever.

24. Plaintiffs, on behalf of themselves and other similarly situated Illinois citizens and residents, bring this action against Defendant for their ongoing violations of the IRPA, and seeks (I) injunctive relief requiring Defendant to cease using Illinois residents' identities for commercial purposes, including but not limited to on its Marketing Page, (2) the greater of an award of actual damages, including profits derived from the unauthorized use of individuals' names, or statutory damages, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees.

## PLAINTIFF SPECIFIC FACTS

25. In 2021, Plaintiff James Poppenhouse discovered that Defendant was using his identity to solicit the purchase of paid subscriptions.

26. Defendant specifically identified Plaintiff by his full name, location, age, and names of immediate family members on its Marketing Page.

27. Plaintiff never provided Defendant with his consent, written or otherwise, to use any attribute of his identity for commercial purposes, and certainly never authorized Nuwber to use his identity to promote any of its products or services.

28. Plaintiff James Poppenhouse is not nor has he ever been a Nuwber customer. He has no relationship with Nuwber whatsoever.

29. In 2021, Plaintiff Crystal Lee discovered that Defendant was using her identity to solicit the purchase of paid subscriptions.

30. Defendant specifically identified Plaintiff by her full name, location, age, and names of immediate family members on its Marketing Page.

31. Plaintiff Crystal Lee never provided Defendant with her consent, written or otherwise, to use any attribute of her identity for commercial purposes, and certainly never authorized Nuwber to use her identity to promote any of its products or services.

32. Plaintiff Crystal Lee is not now nor has she ever been a Nuwber customer. She has no relationship with Nuwber whatsoever.

## CLASS ALLEGATIONS

33. **Class Definitions**: Plaintiffs James Poppenhouse and Crystal Lee bring this action pursuant to the Illinois Rules of Civil Procedure on behalf of themselves and a Class defined as follows:

> All Illinois residents whose identities were displayed on the Nuwber.com website who have never purchased any products or services on Nuwber.com.

34.     Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

35.     **Numerosity**: The exact number of Class members is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. Class members can be identified through Defendant's records.

36.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a.   Whether Defendant used Plaintiffs' and Class members' names and identities for a commercial purpose;

   b.   Whether Plaintiffs' and Class members provided their written consent to Defendant to use their names and identities in advertisements;

   c.   Whether the conduct described herein constitutes a violation of the Illinois Right of Publicity Act; and

   d.   Whether Plaintiffs and the Class are entitled to injunctive relief.

37.     **Typicality**: Plaintiffs' claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct.

38.     **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex

class actions. Plaintiffs have no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs.

39. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiffs' challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiffs. Plaintiffs and the members of the Class have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

40. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Amended Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
**Violation of the Illinois Right of Publicity Act 765 ILL. COMP. STAT. § 1075/1, *et seq.***
**(On behalf of Plaintiffs and the Class)**

41. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

42. The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 Ill. Comp. Stat. § 1075/1, *et seq.*

43. Defendant sells subscription-based access to its database containing detailed reports about people.

44. As described above, to promote the purchase of a subscription plan for unlimited reports, Defendant used Plaintiffs' and the putative Class members' identities on its Marketing Pages, which display the individuals found within its records that match the searched name, alongside uniquely identifying information such as each person's current age, location, and names of their immediate family members. This information serves to identify the individual to a reasonable audience (*i.e.*, those that are searching for them online) and demonstrate that there is a detailed report in its database for the person they searched for.

45. The use of Plaintiffs Identities on the Marketing Page is a commercial purpose as defined by the Act—it promotes would be customers to purchase a paid membership subscription and access to reports in Nuwber's database.

46. Plaintiffs and members of the Class never provided Defendant with their written consent to use their full names (or any attribute of their identity) in advertisements for Nuwber. Defendant never notified Plaintiffs and Class members that their names would be used in commercial advertisements.

47. Defendant deprived Plaintiffs and Class members of control over whether and how their names can be used for commercial purposes.

48. Based upon Defendant's violation of the Illinois Right of Publicity Act, Plaintiffs

and Class members are entitled to (1) an injunction requiring Defendant to cease using Plaintiffs' and members of the Class's names and any attributes of their identities to advertise its products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff's and Class members' names and identities) or statutory damages of $1,000 per violation to the members of the Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 Ill. Comp. Stat. § 1075/40-55.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs James Poppenhouse and Crystal Lee, individually and on behalf of the Class, pray that the Court enter an Order:

a. Certifying this case as a class action defined above, appointing James Poppenhouse and Crystal Lee as Class Representatives, and appoint their counsel as Class Counsel;

b. Declaring that Defendant's actions described herein constitute a violation of the Illinois Right of Publicity Act;

c. Awarding injunctive and other equitable relief as necessary to protect the interest of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

d. Awarding the greater of actual damages, including the profits derived from the unauthorized use of same, or statutory damages in the amount of $1,000 per violation of the members of the Class;

e. Awarding punitive damages;

f. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

g. Awarding Plaintiff and the Class pre- and post-judgment interest; and

h. Granting such other and further relief as the Court deems equitable and just.

Respectfully Submitted,

Date:   August 3, 2021               Respectfully Submitted,

                                     By: */s/ Brandon M. Wise*
                                     Brandon M. Wise – IL # 6319580
                                     Adam Florek – IL # 6320615
                                     **PEIFFER WOLF CARR KANE & CONWAY, APLC**
                                     818 Lafayette Ave., Floor 2

11

St. Louis, MO 63104
314-833-4825
bwise@peifferwolf.com
aflorek@peifferwolf.com

Jonathan T. Nessler
**THE LAW OFFICES OF FREDERICK W. NESSLER & ASSOCIATES, LTD.**
536 N. Bruns Lane, Suite 1
Springfield, IL 62702
Ph: (217) 698-0202
jtnessler@nesslerlaw.com

**ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASS**

Certificate of Service

The undersigned hereby certifies that on this day, a true and accurate copy of the foregoing was filed with the Clerk of the Court using the CM/ECF e-filing system. This system will provide notice and allow access to all counsel of record.

/s/ Brandon M. Wise

11